IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES EARL RICO JONES, )
)
Plaintiff, )                    4:05cv3270
)
vs. )            MEMORANDUM AND ORDER
)
LANCASTER COUNTY JUDGE, et al., )
)
Defendants. )

This matter is before the court for initial review of the complaint filed by the plaintiff, James Earl Rico Jones, a prisoner. Also before the court is filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP"). Because the plaintiff is a prisoner, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints. Similarly, by moving for leave to proceed in forma pauperis, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, the complaint fails to state a claim on which relief may be granted. The plaintiff seeks help, which the court cannot provide, in filling out forms. He also seeks an investigation of the Nebraska State Penitentiary where he is allegedly being held hostage, having been kidnapped at birth by persons who have a "hit" on him. He appears to have sued a judge and a prosecutor, both of whom are shielded by immunity from claims for damages in civil rights cases. Also, he may have sued a public defender. A public defender does not act "under color of state law" for purposes of 42 U.S.C. § 1983 when performing traditional functions as counsel for the defendant in a criminal prosecution. See

1

<u>Polk County v. Dodson</u>, 454 U.S. 312, 321-22 (1981) (holding that a public defender does not act under color of state law, as required for an action under section 1983, because a public defender "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control").  Therefore, the plaintiff may not sue his public defender under 42 U.S.C. § 1983 in federal court for civil rights violations.
.

        This case must be dismissed for failure to state a claim on which relief may be granted against any defendant.  Therefore, the above-entitled case will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).  The plaintiff's Motion to Proceed IFP is denied as moot, and thus, no order will be issued directing collection of a filing fee.

        THEREFORE, IT IS ORDERED:

        1.      That the above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B);

        2.      That filing no. 2 is denied as moot; and

        3.      That judgment will be entered in accordance with this Memorandum and Order.

        DATED  this 27th day of October, 2005.

                                BY THE COURT:


                                s/ Joseph F. Bataillon
                                JOSEPH F. BATAILLON
                                Chief District Judge

2